Jonathon J. Herzog, Bar No. 162339
jherzog@westzog.com
WESTON HERZOG LLP
550 N. Brand Boulevard, Suite 1990
Glendale, California 91203
Telephone:(818) 755-8555
Facsimile: (818) 755-8542

Attorneys for Defendants,
ASHLEY FURNITURE INDUSTRIES, LLC,
ASHLEY FURNITURE HOLDINGS, LLC and
CARLOS RENE RAZO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KALIOPA JERYS YOAKIM & JAMILEH JAMIL YOAKIM,

Plaintiffs,

v.

ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

Case No.:

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

Los Angeles County Superior Court Case No. 21AVCV00008

Complaint Filed: January 5, 2021
Trial Date: March 11, 2022

TO THE DISTRICT COURT OF THE UNITED STATES, CENTRAL DISTRICT OF CALIFORNIA, AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants, Ashley Furniture Industries, LLC, Ashley Furniture Holdings, LLC and Carlos Rene Razo, hereby remove the above-captioned civil action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of

California, based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1332(c), and 1441(b).

This removal is based on the following grounds:

**I. TIMELINESS**

1. On or about January 5, 2021, Plaintiffs, Kaliopa Jerys Yoakim and Jamileh Jamil Yoakim ("Plaintiffs") commenced this action by filing a Complaint in the Superior Court for the State of California for the County of Los Angeles, entitled *Kaliopa Jerys Yoakim & Jamileh Jamil Yoakim v. Ashley Furniture Industries, Inc., et al.,* Case No. 21AVCV00008 (the "State Action").

2. Defendants, Ashley Furniture Industries, LLC and Ashley Furniture Holdings, LLC were personally served with the Complaint in the State Action on December 2, 2021. Defendant, Carlos Rene Razo December 5, 2021. Defendants filed their Answer to Plaintiffs' Complaint in the State Action on December 29, 2021.

3. This Notice of Removal is timely filed within 30 days of Defendants being served with the Complaint in the State Action and within one (1) year of commencement of this action as required by 28 U.S.C. §1446(b). See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and Complaint, or receipt of the Complaint, 'through service or otherwise,' after and apart from service of the summons …").

**II. JOINDER**

4. There are no defendants that are required to join in this removal. All other defendants are fictitiously named and need not be considered for purposes of removal. 28 U.S.C. § 1441(b).

**III. JURISDICTION: DIVERSITY**

5. This Court has original jurisdiction over this State Action under 28 U.S.C. §1332(a) because it is a civil action between citizens of different states, and

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, removal of the State Action is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

6. More specifically, Plaintiffs allege in their Complaint in the State Court Action, that while present at the premises as a business invitee, Plaintiff, Kaliopa Jerys Yoakim was standing at the rear of Defendant store's delivery truck, waiting for Defendant's driver to hand him a dresser off a stack of furniture. As the driver lowered the dresser, it slipped out of his grip. Plaintiff raised his hands to protect himself, but the dresser fell onto him, pushing him back onto the ground resulting in injuries to Plaintiff (Complaint, ¶1). To treat the injuries that Plaintiff alleges he sustained in the incident, Plaintiff incurred in excess of $77,000 in medical expenses. Plaintiffs then filed the State Action against Defendants for damages in excess of $75,000. The Complaint asserts causes of action for negligence, premises liability and loss of consortium.

7. The State Court in which the State Action was commenced is within this Court's district and division. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §1441(b).

**A. Citizenship of Plaintiffs**

8. Defendants are informed and believe, and on that basis allege, that Plaintiffs, at all times relevant herein, were, and are, individuals over 18 years of age and residing in the City of Lancaster, Los Angeles County, State of California. Accordingly, they are citizens of California.

**B. Citizenship of Defendant, Ashley Furniture Industries, LLC**

9. Defendant, Ashley Furniture Industries, LLC, erroneously sued and served as "Ashley Furniture Industries, Inc." was, at the time of the filing of the State Action, and still is, a Wisconsin corporation with its principal place of business in Arcadia, Wisconsin.

10. The sole member of Ashley Furniture Industries, LLC is Ashley Holdings, Inc., a Wisconsin corporation with its principal place of business at One

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

Ashley Way, Arcadia, Wisconsin. Accordingly, Ashley Furniture Industries, LLC is a citizen of Wisconsin for purposes of determining diversity.

**C. Citizenship of Defendant, Ashley Furniture Holdings, LLC**

11. Defendant, Ashley Furniture Holdings, LLC is a canceled limited liability company and lacks capacity to sue or be sued.

12. Defendant, Ashley Furniture Holdings, LLC was a Delaware limited liability company with its principal place of business in Arcadia, Wisconsin. Ashley Furniture Holdings, LLC was merged into Ashley Holdings, Inc. on December 26, 2020, which as discussed in paragraph 10, above, is a citizen of Wisconsin.

13. Defendant, Ashley Furniture Holdings, LLC filed a Certificate of Cancellation with the California Secretary of State on December 15, 2021. From and after that date, Defendant, Ashley Furniture Holdings, LLC lacks capacity to be sued. Accordingly, the citizenship of this Defendant or its members is irrelevant, as no claim or cause of action may be stated against this Defendant.

**D. Citizenship of Defendant, Carlos Rene Razo**

14. Defendant, Carlos Rene Razo is a citizen of California. However, he was improperly named and served as a Defendant in this action.

15. Carlos Rene Razo was not named as a defendant when the Complaint in the State Action was filed on January 5, 2021.

16. On November 30, 2021, Plaintiffs filed an amendment to their Complaint in the State Action naming Carlos Rene Razo as a Defendant by substituting his name in place of DOE 1, a fictitiously named Defendant, wherever it appeared in the Complaint.

17. The Complaint in the State Action alleges that the Defendants named as DOES 1-50 were "the owners, controllers, supervisors, managers, maintainers, and lessors" of the premises where Plaintiff's incident occurred. This vague and conclusory allegation is insufficient to state a claim or cause of action against this Defendant.

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

18.     Carlos Rene Razo is a sham Defendant named solely in an attempt to destroy complete diversity and frustrate removal to the United States District Court. There is no reasonable possibility that Plaintiffs will succeed in proving any of their claims against Defendant Razo because Plaintiffs amended the Complaint to name him as a Defendant after the statute of limitations had expired. The amendment does not "relate back" to the date that the Complaint was initially filed because Plaintiffs were not genuinely ignorant of his identity until November 30, 2021.

19.     The incident that is the subject of Plaintiffs' Complaint in the State Action is alleged to have occurred on January 16, 2019 (Complaint, ¶1).

20.     California has a two year statute of limitations to file suit for personal injuries resulting from negligence (California Code of Civil Procedure §335.1).

21.     Plaintiffs amended their Complaint to name Carlos Rene Razo as a Defendant on November 30, 2021. Thus, Plaintiffs amended their Complaint to name Razo as a Defendant after the statute of limitations had expired.[1]

22.     Under California law, an amendment to a complaint to substitute a new defendant in place of a defendant fictitiously named as a "DOE" will only relate back to the date that the action was initially filed when the plaintiff was proceeding in good faith; i.e., only where plaintiff was genuinely ignorant of that person's identity or liability when the action was commenced. *Miller v. Thomas* (1981) 121 Cal.App.3d 440, 445-446; *McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371-372.

23.     Plaintiffs allege in their Complaint in the State Action that a delivery truck driver dropped a dresser from Defendants' delivery truck onto Plaintiff, Kaliopa Jerys Yoakim, knocking him to the ground and injuring him (Complaint, ¶1). Defendant, Carlos Rene Razo was the driver who allegedly dropped the dresser.

---

[1] Pursuant to California Emergency Rules of Court, Rule 9, the statutes of limitation for all causes of action longer that 180 days were tolled from April through October 1, 2020, a period of 178 days. Thus, the statute of limitations on Plaintiffs' causes of action expired on July 13, 2021.

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA  91203
TELEPHONE: (818) 755-8555

At all times since the incident, and certainly when the Complaint in the State Action was filed, Plaintiffs and/or their attorneys knew that Carlos Rene Razo was the delivery driver involved in the incident. After the incident, Plaintiff, Kaliopa Jerys Yoakim received many subsequent deliveries from Defendant Razo, and was on a first name basis with him. Yet, Plaintiffs waited until 11 months after filing their Complaint and nearly three years after the incident to amend their Complaint name Razo as a Defendant. Therefore, the amendment was untimely and does not relate back to the date that the Complaint in the State Action was filed. The statute of limitations expired before Plaintiffs sought to amend their complaint to name Carlos Rene Razo as a Defendant and there is no reasonable possibility that they will prevail on their claims against him.

24. In light of the above, Carlos Rene Razo is a sham Defendant whose citizenship must be disregarded for the purposes of assessing whether this court has diversity jurisdiction pursuant to 28 U.S.C. §1441(b).

**E. Doe Defendants**

25. Defendant is informed and believes that the Defendants, other than Carlos Rene Razo, identified in the Complaint as Does 2 through 50 in the State Action are nominal Defendants who should be disregarded for the purposes of determining whether removal is proper on diversity grounds. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

26. Though the DOE Defendants are alleged to be responsible in some manner for the incidents giving rise to Plaintiff's damages, Plaintiff does not know the names or capacities of the Doe Defendants. As a result, there is no reasonable basis to discover or name any additional Defendants for any purpose than to prevent removal from the State Court of this action.

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

**D. Amount in Controversy**

27. The State Action filed by Plaintiff seeks recovery against Defendants for general damages in addition to lost wages and benefits, compensatory damages, punitive damages and attorneys' fees and costs. (Pl.'s Complaint, Prayer for Damages).

28. Special damages, attorneys' fees and punitive damages should be counted toward the $75,000 jurisdictional threshold. See *Haase v. Aerodynamics Incorporated*, 2009WL 3368519, *3-5 (E.D. Cal. 2009) (noting that claims for special and general damages, attorneys' fees, and punitive damages may be counted towards the jurisdictional minimum when such items are recoverable as a matter of state law).

## IV. STATE ACTION PLEADINGS

29. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served on Defendants, as well as all other pleadings, motions and papers filed in the State Action, are attached to this Notice of Removal as Exhibit "A." These documents include the following: (1) Summons (on Complaint); (2) Complaint filed by Plaintiffs; (3) Civil Case Cover Sheet filed by Plaintiffs; (4) Proofs of service as to each Defendant; and (5) Defendants' Answer to Plaintiff's Complaint.

30. The State Action was filed in the Michael D. Antonovich Antelope Valley Courthouse, 42011 4th Street West Lancaster, CA 93534. The case is assigned to Hon. Stephen Morgan in Dept. A14.

31. The State Action is set for trial on March 11, 2022. This trial date was assigned when Plaintiffs filed their Complaint on January 5, 2021, though Plaintiffs waited 11 months to serve the Defendants.

## V. NOTICE

32. Defendants have authorized the undersigned counsel to execute this Notice of Removal on their behalf.

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

33. In accordance with 28 U.S.C. §1446(d) copies of this Notice of Removal are being contemporaneously served on Plaintiff's counsel and filed with the Clerk of the Superior Court, County of Los Angeles, State of California. Once this Notice of Removal is filed, a Notice to Adverse Party of Removal to Federal Court will be served on Plaintiff's counsel and filed in the State Action.

WHEREFORE, Defendants, Ashley Furniture Industries, LLC, Ashley Furniture Holdings, LLC and Carlos Rene Razo pray that this matter pending in the Los Angeles Superior Court be removed to this Court.

Dated: December 30, 2021

WESTON HERZOG LLP

Electronically Generated

JONATHON J. HERZOG
Attorneys for Defendants,
ASHLEY FURNITURE INDUSTRIES, LLC, ASHLEY FURNITURE HOLDINGS, LLC and CARLOS RENE RAZO

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 N. Brand Boulevard, Suite 1990, Glendale, CA 91203.

On **December 30, 2021,** I served the within document(s) described as :

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

on interested parties in this action as stated below:

| | |
|---|---|
| Lusine V. Coppock, Esq.<br>PARRIS LAW FIRM<br>43364 10th Street West<br>Lancaster, CA 93534 | Counsel for Plaintiffs<br>Tel: (661) 949-2595<br>Fax: (661) 949-7524<br>E-mail: lcoppock@parris.com |

☒ BY E-MAIL: I caused the document to be sent to the person at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on **December 30, 2021**, at Palmdale, California.

Electronically Generated

TALAR GUEDIKIAN

# EXHIBIT "A"

# EXHIBIT “1”

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2021 04:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
21AVCV00008

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** ASHLEY FURNITURE INDUSTRIES, INC. &
***(AVISO AL DEMANDADO):*** ASHLEY FURNITURE HOLDINGS, LLC, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** KALIOPA JERYS YOAKIM &
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** JAMILEH JAMIL YOAKIM

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
42011 4th Street West
Lancaster, California 93534

CASE NUMBER:
*(Número del Caso):*
21AVCV00008

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Lusine V. Coppock, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PARRIS LAW FIRM
43364 10th Street West, LANCASTER, CA 93534 (661) 949-2595

Sherri R. Carter Executive Officer / Clerk of Court

DATE: *(Fecha)* 01/05/2021 Clerk, by *(Secretario)* M. Rojas , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: ASHLEY FURNITURE INDUSTRIES INC.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# EXHIBIT "2"

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2021 04:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
21AVCV00008

Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Stephen Morgan

R. Rex Parris, Esq. (SBN 96567)
Rutger R. Parris, Esq. (SBN 319094)
Lusine V. Coppock, Esq. (SBN 316885)
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone: (661) 949-2595
Facsimile: (661) 949-7524
Email: rutger@parris.com;
lcoppock@parris.com

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| KALIOPA JERYS YOAKIM & JAMILEH JAMIL YOAKIM,<br><br>Plaintiffs,<br><br>v.<br><br>ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 21AVCV00008<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Premise Liability/Negligence**<br>**2. Negligence**<br>**3. Loss of Consortium**<br><br>**DEMAND FOR JURY TRIAL**<br><br>FSC: 03/02/2022<br>TRIAL: 03/11/2022<br>OSC: 01/08/2024 |

Plaintiffs, KALIOPA JERYS YOAKIM and JAMILEH JAMIL YOAKIM allege the following:

**INTRODUCTION**

1. On January 16, 2019, Plaintiff KALIOPA JERYS YOAKIM while present at the premises as a business invitee, was standing at the rear of Defendant store's delivery truck, waiting for Defendant's driver to hand him a dresser off a stack of furniture. As the driver lowered the dresser, it slipped out of his grip. Plaintiff raised his hands to protect himself, but the dresser fell onto him, pushing him back onto the ground resulting in injuries to Plaintiff.

///

///

## GENERAL ALLEGATIONS

2. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants DOES 1 through 50 are unknown to plaintiffs, who therefore sue these defendants by fictitious names and will ask leave to amend this complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants are negligently or otherwise responsible in some manner for the occurrences herein alleged and that plaintiffs' injuries as herein alleged were proximately caused by that negligence.

3. Plaintiffs are informed, believe, and thereon allege that ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC, and Does 1 through 50 were the owners, controllers, supervisors, managers, maintainers, and lessors of a certain premises located at 2330 Mall Loop Road # 117, Lancaster, CA, Los Angeles County (the "premises").

4. Plaintiffs are informed and believe, and on such information and belief allege, that at all times herein mentioned each of the Defendants was the agent, either actual or ostensible, and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the purpose and scope of such agency and employment and with the advance knowledge, authorization or ratification of each of the remaining Defendants and at least one of the officers, directors or managing agents of each of the corporate Defendants.

5. Plaintiff is informed and believes, and on such information and belief alleges, that at all times and places herein mentioned, Defendants, and each of them, knew or should have known that the dresser was not properly secured and created a slip hazard and dangerous condition for invitees, including Plaintiff.

///

///

///

///

///

**FIRST CAUSE OF ACTION**

***(Premises Liability/Negligence)***

As and for a separate and distinct First Cause of Action, Plaintiff complains against Defendants ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC, and DOES 1 through 25, inclusive, and each of them, and alleges:

1. Plaintiff repeats and repleads all of the prior allegations contained in this complaint

2. On January 16, 2019, Plaintiff KALIOPA JERYS YOAKIM while present at the premises as a business invitee, was standing at the rear of Defendant store's delivery truck, waiting for Defendant's driver to hand him a dresser off a stack of furniture. As the driver lowered the dresser, it slipped out of his grip. Plaintiff raised his hands to protect himself, but the dresser fell onto him, pushing him back onto the ground resulting in injuries to Plaintiff.

3. The dangerous condition was known, or in the exercise of ordinary and reasonable care should have been known, to Defendants, and each of them, in adequate time for a reasonable, prudent person to have taken sufficient measures necessary to ensure safety to all persons on the premises, including Plaintiff, by warning of the dangerous condition and/or removing the dangerous condition. The failure of Defendants, and each of them, to remediate the dangerous condition described herein, or otherwise notify all invitees, including Plaintiff, of the unsafe condition that existed, constitutes a conscious act of negligence on the part of the Defendants, and each of them, to make the premises unsafe. Defendants owed a duty to Plaintiff and breached said duty.

4. By reason of said negligence and carelessness of the Defendants, and each of them, Plaintiff KALIOPA JERYS YOAKIM, received injuries consisting of, but not limited to, severe injuries to his body and the injuries received by Plaintiff have greatly impaired his health, strength and activity and have thereby caused and continue to cause him great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some disability to him, all to his damage in an amount according to proof.

///

5. As a further, direct and proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff KALIOPA JERYS YOAKIM, was required to and did employ and continues to employ physicians, surgeons and others for medical examination, treatment and care of said injures, and did incur medical and incidental expenses, which will be shown according to proof at the time of trial. Plaintiff is informed and believes, and based upon such information and belief alleges, that he will incur further medical and incidental expenses for the care and treatment of said injures, the exact amount of which is unknown at this time, all to him further damage in an amount according to proof.

6. As a further, direct and proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff KALIOPA JERYS YOAKIM, was prevented from attending to his usual occupation or any occupation whatsoever and has been damaged in an amount not yet ascertainable. Plaintiff is informed and believes, and based upon such information and belief alleges, that by reason of said carelessness and negligence of Defendants, and each of them, Plaintiff will, in the future, be prevented from attending his usual occupation for an undetermined period of time, all to his further damage in an amount according to proof.

## SECOND CAUSE OF ACTION

***(Negligence)***

As and for a separate and distinct Second Cause of Action, Plaintiff complains against Defendants, ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC, and DOES 26 through 50, inclusive, and each of them, and alleges:

7. Plaintiff repeats and repleads all of the prior allegations contained in this complaint.

8. Defendants, and each of them, owed a duty to Plaintiff to act in a reasonable, prudent, and careful manner in the operation, maintenance, and control of the premises so as to avoid causing harm or created a foreseeable risk of harm to others, including Plaintiff.

9. Defendants, and each of them, so negligently, recklessly, and carelessly operated, maintained, and controlled the premises so as to cause significant personal injuries and damages to Plaintiff.

10. As a direct and proximate result of the negligence described above, Plaintiff sustained the damages described herein.

**THIRD CAUSE OF ACTION**

***(Loss of Consortium)***

As and for a separate and distinct Third Cause of Action, plaintiff JAMILEH JAMIL YOAKIM complains against the Defendants ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC, and DOES 1 through 50, inclusive, and each of them, and alleges:

11. Plaintiffs repeat and replead all of the allegations contained in all preceding paragraphs as though fully set forth at length herein.

12. At all times mentioned, plaintiff KALIOPA JERYS YOAKIM was and is married to plaintiff JAMILEH JAMIL YOAKIM, and they were and are husband and wife.

13. As a substantial and legal result of the Defendants' negligent conduct, plaintiff KALIOPA JERYS YOAKIM has been unable to perform the work, services, and duties as a spouse as before, and will be unable to perform the same in the future. By reason thereof, Plaintiff, JAMILEH JAMIL YOAKIM, has been deprived of, and in the future will be deprived of the work, services, duties, companionship, care, comfort, society, and consortium of his spouse, all to his damage in an amount according to proof.

///

///

///

///

///

///

///

///

///

///

Plaintiffs KALIOPA JERYS YOAKIM and JAMILEH JAMIL YOAKIM pray for judgment against the Defendants, and each of them, as follows:

1. For non-economic damages in an amount according to proof;
2. For economic damages according to proof;
3. For loss of consortium;
4. For interest and prejudgment interest;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

DATE: January 5, 2021

**PARRIS LAW FIRM**

Lusine V. Coppock

Lusine V. Coppock, Esq.
Attorneys for Plaintiffs

# EXHIBIT “3”

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2021 04:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk 21AVCV00008

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lusine V. Coppock, Esq. SBN: 316885
PARRIS LAW FIRM
43364 10th Street West, LANCASTER, CA 93534
TELEPHONE NO.: (661) 949-2595 FAX NO.: (661) 949-7524
ATTORNEY FOR *(Name):* Kaliopa Jerys Yoakim

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 42011 4th Street West
MAILING ADDRESS: 42011 4th Street West
CITY AND ZIP CODE: Lancaster, 93534
BRANCH NAME: Michael Antonovich Antelope Valley Courthouse

CASE NAME: Yoakim v. Ashley Furniture Industries, Inc.

**CIVIL CASE COVER SHEET**
[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21AVCV00008
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Three (3)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 29, 2020
Lusine V. Coppock, Esq.
(TYPE OR PRINT NAME)

Lusine V. Coppock
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Kailopa v. Ashleys Furniture Industries, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☒ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 (3) |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Kailopa v. Ashleys Furniture Industries, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Kailopa v. Ashleys Furniture Industries, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Kailopa v. Ashleys Furniture Industries, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 2330 Mall Loop Road, #117 |
|---|---|---|---|
| CITY: Lancaster | STATE: CA | ZIP CODE: 93536 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the NORTH District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 29, 20202

Luaina V Coppock
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT "4"

POS-010
Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 01:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Briggs,Deputy Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: FOR COURT USE ONLY

Louis V. Coppock, Esq. | SBN: 316885
Parris Law Firm
43364 10th Street West Lancaster, CA 93534

TELEPHONE NO.: (661) 949-2595 | FAX NO. (661) 949-7524 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff:

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 42011 4TH STREET WEST
MAILING ADDRESS:
CITY AND ZIP CODE: LANCASTER, CA 93534
BRANCH NAME: LANCASTER

PLAINTIFF/PETITIONER: KALIOPA JERYS YOAKIM; et al.
DEFENDANT/RESPONDENT: ASHLEY FURNITURE INDUSTRIES, INC.; et al.

CASE NUMBER: 21AVCV00008

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Amendment to Complaint; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment-Unlimited Civil Case**
3. a. Party served *(specify name of party as shown on documents served)*:
   **ASHLEY FURNITURE HOLDINGS, LLC**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Jenn Bautista, Process Specialist - CSC - LAWYERS INCORPORATING SERVICE, Agent for Service**
4. Address where the party was served: **2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **12/2/2021** (2) at *(time)*: **3:41 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2
Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
Code of Civil Procedure, § 417.10
**POS010-1/TLV304283**

| PETITIONER: KALIOPA JERYS YOAKIM; et al.<br>RESPONDENT: **ASHLEY FURNITURE INDUSTRIES, INC.; et al.** | CASE NUMBER:<br>**21AVCV00008** |
|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **ASHLEY FURNITURE HOLDINGS, LLC**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **Krystalyn Souza - Team Legal, Inc.**
b. Address: **25876 The Old Road Valencia, CA 91381**
c. Telephone number: **(661) 964-0154**
d. **The fee** for service was: **$ 30.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.: **PS-047**
(iii) County: **Yuba**

**8.** ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/3/2021**

**Team Legal, Inc.**
**25876 The Old Road**
**Valencia, CA 91381**
**(661) 964-0154**

**Krystalyn Souza**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 01:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Briggs,Deputy Clerk

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Lusine V. Coppock, Esq. | SBN: 316885
Parris Law Firm
43364 10th Street West Lancaster, CA 93534

TELEPHONE NO.: (661) 949-2595 | FAX NO. (661) 949-7524 | E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff:

FOR COURT USE ONLY

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 42011 4TH STREET WEST
MAILING ADDRESS:
CITY AND ZIP CODE: LANCASTER, CA 93534
BRANCH NAME: LANCASTER

PLAINTIFF/PETITIONER: KALIOPA JERYS YOAKIM; et al.
DEFENDANT/RESPONDENT: ASHLEY FURNITURE INDUSTRIES, INC.; et al.

CASE NUMBER: 21AVCV00008

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Amendment to Complaint; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment-Unlimited Civil Case**
3. a. Party served *(specify name of party as shown on documents served)*:
   **ASHLEY FURNITURE INDUSTRIES, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Jenn Bautista, Process Specialist - CSC - LAWYERS INCORPORATING SERVICE, Agent for Service**
4. Address where the party was served: **2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **12/2/2021** (2) at *(time)*: **3:41 PM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

Code of Civil Procedure, § 417.10

**POS010-1/TLV304282**

| PETITIONER: KALIOPA JERYS YOAKIM, et al. | CASE NUMBER: |
|---|---|
| RESPONDENT: **ASHLEY FURNITURE INDUSTRIES, INC.; et al.** | **21AVCV00008** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **ASHLEY FURNITURE INDUSTRIES, INC.**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**
a. Name: **Krystalyn Souza - Team Legal, Inc.**
b. Address: **25876 The Old Road Valencia, CA 91381**
c. Telephone number: **(661) 964-0154**
d. **The fee** for service was: **$ 71.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☐ independent contractor.
(ii) Registration No.: **PS-047**
(iii) County: **Yuba**

**8.** ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/3/2021**

**Team Legal, Inc.**
**25876 The Old Road**
**Valencia, CA 91381**
**(661) 964-0154**

**Krystalyn Souza**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)

Team Legal, Inc. fax (661) 255-7484

POS-010

Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 01:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Briggs,Deputy Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Lusine V. Coppock, Esq. | SBN: 316885
Parris Law Firm
43364 10th Street West Lancaster, CA 93534

TELEPHONE NO.: (661) 949-2595 | FAX NO. (661) 949-7524 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff:

FOR COURT USE ONLY

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 42011 4TH STREET WEST
MAILING ADDRESS:
CITY AND ZIP CODE: LANCASTER, CA 93534
BRANCH NAME: LANCASTER

PLAINTIFF/PETITIONER: KALIOPA JERYS YOAKIM; et al.
DEFENDANT/RESPONDENT: ASHLEY FURNITURE INDUSTRIES, INC.; et al.

CASE NUMBER: 21AVCV00008

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

FILED by FAX

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Amendment to Complaint; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment-Unlimited Civil Case**
3. a. Party served *(specify name of party as shown on documents served)*:

   **Carlos Rene Razo (DOE 1)**

   **Age: 45** **Weight: 240** **Hair: Black** **Sex: Male**
   **Height: 5'9"** **Eyes: Brown** **Race: Hispanic**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served: **14298 TAWYA RD APPLE VALLEY, CA 92307**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **12/5/2021** (2) at *(time)*: **10:20 AM**

   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*: from *(city)*: **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

Code of Civil Procedure, § 417.10

**POS010-1/TLV304284**

Team Legal, Inc. fax (661) 255-7484

PETITIONER: KALIOPA JERYS YOAKIM; et al.

RESPONDENT: ASHLEY FURNITURE INDUSTRIES, INC.; et al.

CASE NUMBER: 21AVCV00008

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of *(specify):*
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

FILED by FAX

7. **Person who served papers**
a. Name: **Thomas A. Burton - Team Legal, Inc.**
b. Address: **25876 The Old Road Valencia, CA 91381**
c. Telephone number: **(661) 964-0154**
d. **The fee** for service was: **$ 71.00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
(i) ☐ owner ☐ employee ☑ independent contractor.
(ii) Registration No.: **1005**
(iii) County: **San Bernardino**

**8.** ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/6/2021**

**Team Legal, Inc.**
**25876 The Old Road**
**Valencia, CA 91381**
**(661) 964-0154**

**Thomas A. Burton**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ Thomas A Burton

POS-010 [Rev January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

**POS-010/TLV304284**
**Carlos Rene Razo (DOE 1)**

# EXHIBIT "5"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/29/2021 04:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. Shanbrom,Deputy Clerk

Jonathon J. Herzog, Bar No. 162339
jherzog@westzog.com
WESTON HERZOG LLP
550 N. Brand Boulevard, Suite 1990
Glendale, California 91203
Telephone: (818) 755-8555
Facsimile: (818) 755-8542

Attorneys for Defendants,
ASHLEY FURNITURE INDUSTRIES, LLC, erroneously sued and served as "Ashley Furniture Industries, Inc.," ASHLEY FURNITURE HOLDINGS, LLC, a cancelled limited liability company, and CARLOS RENE RAZO

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

**NORTH VALLEY DISTRICT**

KALIOPA JERYS YOAKIM & JAMILEH JAMIL YOAKIM,

Plaintiffs,

v.

ASHLEY FURNITURE INDUSTRIES, INC. & ASHLEY FURNITURE HOLDINGS, LLC AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

Case No.: 21AVCV00008

[Assigned for All Purposes to Hon. Stephen Morgan - Dept. A14]

**ANSWER TO COMPLAINT**

Complaint Filed: January 5, 2021
Trial Date: March 11, 2022

COME NOW the Defendants, Ashley Furniture Industries, LLC, erroneously sued and served as "Ashley Furniture Industries, Inc.," Ashley Furniture Holdings, LLC, a cancelled limited liability company, and Carlos Rene Razo, and in answer to Plaintiffs' complaint, alone, admits, denies and alleges as follows:

1. Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendants deny the material allegations of each cause of action in said complaint and denies that Plaintiffs were damaged in the sum or sums alleged or in any other sum, or at all.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

2. That the first cause of action contained in Plaintiffs' complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

3. That the second cause of action contained in Plaintiffs' complaint fails to state facts sufficient to constitute a cause of action.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

4. That the third cause of action contained in Plaintiffs' complaint fails to state facts sufficient to constitute a cause of action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

5. Plaintiffs are barred from recovery by the statute of limitations, including, but not limited to, California Code of Civil Procedure §§335.1, et. seq.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

6. These Defendants are informed and believe and on that basis allege that Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize, and/or avoid its alleged damages and, thus, any recovery which may be awarded to Plaintiffs in this action should be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

**(Negligence of Others)**

7. Persons or entities other than these Defendants were negligent, strictly liable, or otherwise at fault for the injuries, losses, and damages alleged by Plaintiffs, if any there were, and in the event of a finding of liability in favor of any other party against these Defendants, Defendants are entitled to apportionment of fault among all persons and entities, and a judgment

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

and declaration of indemnification and contribution in favor of Defendants and against all other persons and entities with the apportionment of fault.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

8. These answering Defendants are informed and believe and thereon allege that Plaintiff was careless and negligent in and about the matters and things set forth and described therein; that said carelessness and negligence of Plaintiffs proximately caused or contributed to the injuries and damages alleged by Plaintiffs; that the injuries and damages sustained by Plaintiffs, if any, were and are the proximate result of the said carelessness and negligence of Plaintiffs; and that by reason thereof the Plaintiffs' damages must be diminished or extinguished in proportion to the degree of fault attributed to the Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Capacity to be Sued)**

9. As to Ashley Furniture Holdings, LLC, this answering Defendant is a cancelled limited liability company and lacks capacity to be sued.

**NINTH AFFIRMATIVE DEFENSE**

**(Delay in Service)**

10. Plaintiffs are barred from recovery against Defendants because Plaintiffs failed to effect service of the Summons and Complaint on any Defendant within 60 days of filing the Complaint as required by Rule 3.110(b) of the California Rules of Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

WHEREFORE, these answering Defendants pray that Plaintiffs take nothing by reason of their complaint filed herein, and that these answering Defendants be dismissed together with costs of suit herein, and for such other and further relief as the Court may deem just and proper.

Dated: December 29, 2021

WESTON HERZOG LLP

Electronically Generated

JONATHON J. HERZOG
Attorneys for Defendant,
ASHLEY FURNITURE INDUSTRIES, LLC, erroneously sued and served as "Ashley Furniture Industries, Inc.," ASHLEY FURNITURE HOLDINGS, LLC, a cancelled limited liability company, and CARLOS RENE RAZO

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

WESTON HERZOG LLP
ATTORNEYS
550 N. BRAND BOULEVARD, SUITE 1990
GLENDALE, CALIFORNIA 91203
TELEPHONE: (818) 755-8555

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 N. Brand Boulevard, Suite 1990, Glendale, CA 91203.

On **December 29, 2021,** I served the within document(s) described as :

ANSWER TO COMPLAINT

on interested parties in this action as stated below:

Lusine V. Coppock, Esq.
PARRIS LAW FIRM
43364 10th Street West
Lancaster, CA 93534

Counsel for Plaintiffs
Telephone: (661) 949-2595
Fax: (661) 949-7524
E-Mail: lcoppock@parris.com

☒ BY E-MAIL: I caused the document to be sent to the person at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 29, 2021, at Glendale, California.

VYONKA WILLIAMS